**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| URBAN OUTFITTERS, INC., | Case No. 3:21-cv-00109-MMD-CLB |
| Plaintiff, | **ORDER GRANTING MOTION TO STAY DISCOVERY** |
| v. | |
| DERMODY OPERATING COMPANY, LLC, *et. al.*, | [ECF No. 31] |
| Defendants. | |

Currently pending before the Court is Defendant Dermody Operating Company, LLC's ("Dermody") motion to stay discovery, (ECF No. 31), which was joined by Defendant United Construction Co. ("United") (collectively "Defendants"), (ECF No. 32). Plaintiff Urban Outfitters, Inc. ("Urban"), responded to the motion, (ECF No. 35), and Defendants replied. (ECF Nos. 39, 40.) The Court has reviewed the relevant pleadings and papers, and, for the reasons set forth below, the motion to stay is granted.

**I.    BACKGROUND**

**A.    FACTUAL SUMMARY**

In 2011 Urban contracted with Defendants to build a distribution and fulfillment center located at 12055 Moya Boulevard, Reno, Nevada ("the Site"). (ECF No. 1 at 1-3.) Defendants agreed to develop, design, and construct the center consisting of a building containing approximately 462,720 square feet, associated driveways, parking areas, landscaped areas, on-site utilities and facilities, and ancillary improvements on the Site. (ECF No. 1-1 at 14.) The building was constructed between 2011 and 2012, and Urban was provided a "Certificate of Occupancy" on February 2, 2012. (*Id.* at 69.)

Urban claims it later became aware of alleged construction defects on the Site. Starting in April 2019, Urban alleges it experienced problems with the roof and its assembly. (*Id.* at 50.) Subsequently, Urban claims it identified additional construction defects on the Site, which included: (1) heaving, settlement and cracking of the asphalt and concrete paving in and around the truck dock area; (2) structural failure of the exterior stairs and bollards; and (3) cracking and vertical displacement of the southwest corner of the docking bay structure including interior and exterior cracking of various building components. (ECF No. 1 at 9.) Urban claims the origins of these issues are related to the original construction, and it will have to pay for various repairs. (*Id.* at 9-11.)

### B.  PROCEDURAL HISTORY

On March 3, 2021—approximately 9 years after the construction was completed—Urban filed a complaint against Defendants. (ECF No. 1.) Urban asserts various claims against Defendants such as breach of contract, breach of covenant of good faith and fair dealing, negligence, and breach of express warranties, which arise from the alleged defective construction of the Site. (*Id.* at 11-16.)

#### 1.  MOTIONS TO DISMISS

In response to the complaint, United and Dermody each filed a motion to dismiss for failure to state a claim. (ECF Nos. 10, 12.) In both motions, Defendants argue Urban's claims must be dismissed because: (1) the claims in the complaint are precluded by Nevada's 6-year statute of repose; (2) these claims were not revived by the Nevada Legislature's 2019 amendment to NRS 11.202, which extended the repose period to 10 years; (3) Urban's contract claims are precluded by Nevada's 6-year statute of limitations; and (4) the negligence claim is barred by the economic loss doctrine. (ECF No. 10 at 9-17; ECF No. 12 at 4-15.)

In support of its motion to dismiss, Dermody also filed a "Request for Judicial Notice," which appended several public records, which United joined. (ECF Nos. 13, 14, 17.) These documents include: (1) United's building permits for the different elements of construction,

dated June 28, 2011, August 2, 2011, May 19, 2011, and July 15, 2011; (2) the "Certificate of Substantial Completion" for the Site issued on February 2. 2012; and (3) the "Certificate of Occupancy" for the Site issued on February 2, 2021. (ECF Nos. 14, 13-2, 13-3.) These documents, if judicially noticed, are critical in that they trigger the "substantial completion date" as defined by Nevada's statute of repose. (ECF No. 10 at 12.)[1]

On April 16, 2021, Urban opposed both motions to dismiss. (ECF Nos. 20, 22.) In response to both motions, Urban argued: (1) the 2019 Amendments to Nevada's statute of repose, which extended the period from 6 to 10 years, retroactively applies to this case and therefore the case was filed within the repose period; (2) the retroactive application of the statute does not deprive Defendants of substantive rights; (3) retroactive application preserves Urban's claims under a rational basis approach; and (4) the economic loss doctrine does not apply to Urban's negligence claim because the Defendants are not design professionals. (ECF No. 20 at 16-22; ECF No. 22 at 11-18.)

In response to United's motion to dismiss, Urban also argued that, in the alternative to dismissal, Urban should be granted leave to amend the complaint to add a new defendant, GAF Materials, Inc. ("GAF") and additional claims of fraud against United and/or Dermody. (*Id.* at 22-23.)

## 2. MOTION TO STAY AND MOTION TO AMEND

On May 19, 2021, Dermody filed a Motion to Stay Discovery, which United joined. (ECF Nos. 31, 32.) Dermody argues discovery should be stayed because: (1) the pending motions to dismiss are dispositive of the entire case; (2) ruling on the motions does not require discovery; and (3) a "preliminary peek" of the motions demonstrates Defendants' motions to dismiss will likely be granted. (ECF No. 31 at 5-6.)

---

[1] Attached as "Exhibit A" to Urban's Complaint is "Exhibit A-5, Appendix A", (ECF No. 1-1 at 65-76), which is a letter prepared by Madsen, Kneppers & Associates that expressly states the "Certificate of Occupancy" was received by Urban on February 2, 2012. (ECF No. 1-1 at 69.) This document, along with all other documents that constitute "Exhibit A," was attached to the Complaint. (*See* ECF No.1 at 17) (table of exhibits.)

In response to the motion to stay, Urban filed two documents. (ECF Nos. 34, 35.) First, Urban filed a motion for leave to amend the complaint. (ECF No. 34.) Urban claims it filed the motion for two reasons: (1) to comply with the Local Rules for requesting leave to file an amended complaint; and (2) to further explain and elaborate on the basis for the requested amendment it previously asserted in its opposition to United's motion to dismiss. (*Id.* at 1, 4.) Urban's requested amendment seeks to add claims for: (1) fraud, deceptive trade practices and civil conspiracy against United and GAF; (2) civil aiding and abetting against GAF; and (3) to expand its allegations related to its breach of contract claim against United. (*Id.* at 5-8.)

In addition, Urban filed an opposition to the motion to stay. (ECF No. 35.) In the opposition, Urban argues the motion to amend moots Defendants' motion to stay. According to Urban, if the motion to amend is granted, the new claims for deceptive trade practices, fraud, civil conspiracy, and civil aiding and abetting claims are not precluded by the statute of repose and therefore a stay is not warranted. (*Id.* at 2.)

Dermody replied on May 28, 2021, which United also joined. (ECF Nos. 39, 40.) Defendants argue the motion to stay should be granted because: (1) Urban failed to oppose the motion to stay because it failed to address any of the substantive arguments raised in the motion; and (2) the motion to amend does not "moot" the motion to stay as to Dermody because none of the new claims in the proposed amended complaint are asserted against Dermody and thus all the claims asserted against Dermody remain subject to dismissal pursuant to the statute of repose. (ECF No. 39 at 2-4.)

## II.    LEGAL STANDARD

To determine if a stay is appropriate pending the ruling on a motion to dismiss, the court considers the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and (3) whether the court is convinced that the plaintiff cannot state a claim for relief. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011); *Kor Media Group,*

1  *LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *First Am. Title Ins. Co. v. Commerce Assocs., LLC*, No. 2:15-cv-832-RFB-VCF, 2015 WL 7188387, at *2 (D. Nev. Nov. 13, 2015). The court must take a "preliminary peek" at the merits of the underlying dispositive motion in order to find whether the plaintiff can state a claim. *Tradebay*, 278 F.R.D. at 603. The "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id*.

In conducting its review, the court also considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 512 (D. Nev. 2020).

## III.  ANALYSIS[2]

### A.  DEFENDANTS' MOTIONS TO DISMISS ARE DISPOSITIVE.

Pursuant to the *Tradebay* factors, the Court must first determine whether Defendants' motions to dismiss are potentially dispositive. Here, each motion primarily seeks dismissal of the claims asserted against Defendants on the basis that the claims are precluded by the applicable statute of repose. Nevada law imposes specific time limitations on claims arising from alleged construction defects pursuant to a statute of repose. *Somersett Owners Ass'n*

---

[2] The Court rejects Urban's contention that the filing of its "Motion to Amend" moots the motion to stay. First, Urban sought to amend its complaint when it filed its opposition to United's motion to dismiss, which was filed prior to the motion to stay. (ECF No. 20 at 22-23.) In addition, in Urban's subsequent stand-alone motion to amend, it expressly states the motion was filed to more fully elaborate on the arguments seeking amendment contained in the opposition to dismiss and to comply with the Local Rules. (ECF No. 20 at 4.) Moreover, a review of the proposed amended complaint does not add new the claims against Dermody and thus does not alter the arguments Dermody raised in its motions to dismiss or stay. For all these reasons, and to serve the purposes set forth in Fed. R. Civ. Pro. 1, the Court can and should reach the substance of the motion to stay.

*v. Somersett Dev. Co., Ltd.*, --- P.3d ---, 2021 WL 3237184, at *1-2 n.4 (Nev. July 29, 2021). Unlike a statute of limitation, a statute of repose runs whether "a litigant has pursued his rights diligently, but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). Thus, the statute of repose continues to run no matter when the cause of action is discovered. *FDIC v. Rhodes*, 130 Nev. 893, 899 (2014). If a litigant does not bring a claim within the proscribed time-period, the statute of repose extinguishes the claim as a matter of law. *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 536 (9th Cir. 2011).

If the motions to dismiss are granted, it appears most, if not all, of the claims asserted in the complaint would likely be subject to dismissal pursuant to application of the statute of repose. Moreover, to the extent the claims may not be precluded by the statute of repose, Defendants argue in the alternative that the claims are still precluded by the applicable statute of limitations and/or economic loss doctrine. Therefore, the Court finds Defendants' motions to dismiss are potentially dispositive.

**B.   NO DISCOVERY IS NEEDED TO DECIDE THE MOTIONS TO DISMISS.**

Next, the Court must determine whether additional discovery is necessary for a ruling on the motions to dismiss. Defendants argue the motions can be decided without additional discovery. (ECF No. 31 at 5-6.) Urban, however, argues that the motions could not be decided without additional discovery. (ECF No. 47 at 37-39.) Specifically, Urban argues discovery is needed to determines the date of "substantial completion" of the project which triggers the date the statute of repose began to run in this case. (*Id.*) The Court rejects Urban's arguments and agrees with Defendants that discovery is not necessary for resolution of the motions to dismiss.

Under Nevada law, the statute of repose begins to run upon "substantial completion" of the construction project. NRS 11.2020. "Substantial completion" is defined by statute as the date on which: "(a) [t]he final building inspection of the improvement is conducted; (b) [a] notice of completion is issued for the improvement; or (c) [a] certificate of occupancy is

issued for the improvement, whichever occurs later." NRS 11.2055(1). Contrary to Urban's arguments, it submitted documents in support of its Complaint which expressly state that it received a "Certificate of Occupancy" on February 2, 2012. (ECF No. 1-1 at 69.) Moreover, even if Urban did not include this information with the Complaint, Dermody filed a "Request for Judicial Notice," which appears to contain public records that contain documents relating to the inspection dates of the property, the "Certificate of Occupancy", and the "Certificate of Substantial Completion." (ECF Nos. 13, 14.) If the District Court takes judicial notice of these public records, discovery is not needed to determine the date of "substantial completion," which Nevada law expressly defines as occurring on either: the date of the final inspection, the date of the notice of completion, and/or the date the certificate of occupancy is issued.[3]

### C. THE COURT IS CONVINCED THE MOTIONS ARE LIKELY TO BE GRANTED.

Finally, the Court must conduct a "preliminary peek" of the motions to dismiss to determine whether a stay is warranted. In conducting this preliminary peek, it is the Court's duty is to ensure an inexpensive determination of this action, and delaying discovery would prevent economic waste, since conducting discovery before the ruling on the motions to dismiss would be futile. Having conducted this preliminary peek, the Court finds a stay is warranted.

The crux of the issues presented in Defendants' motions to dismiss are primarily centered upon the application of Nevada's statute of repose to Urban's claims—i.e., what

---

[3] A court may take judicial notice of a fact that is generally known and which is not subject to dispute, and deemed authentic. Fed. R. Evid. 201; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). "[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Id.* For purposes of this motion, this Court does not determine whether judicial notice will be taken of these documents. Rather, for purposes of ruling on the motion to stay, the Court simply notes that if the District Court takes judicial notice of these documents, which is permitted under the Rules of Evidence and Ninth Circuit law, no discovery would be necessary.

repose period applies and whether recent amendments to the repose period may be applied "retroactively" to revive claims that appear to have been previously extinguished. Based on the Court's "preliminary peak" of the motions, and the Court's review of recent decisions issued by the Nevada Supreme Court, the Court is fairly convinced Defendants' motions to dismiss will likely be granted— regardless of which repose period applies.

Nevada's statute of repose for construction-defect claims is defined by NRS 11.202. *Donnelly v. Anthony & Sylvan Pools Corp.*, 134 Nev. 932, 2018 WL 6818539 at *1 (December 21, 2018). NRS 11.202 covers all claims against a construction contractor for any deficiency in "design, planning, supervision or observation of construction, or the construction of an improvement . . ." regardless of the name used for the claim. NRS § 11.202(1); *Somersett*, 2021 WL 3237184, at *1-2 n.4. Prior to 2015, the deadline for the statute of repose for construction claims "ranged from 6 to 12 years" after the date of substantial completion, depending on the defect. *Byrne v. Sunridge Builders, Inc.*, 475 P.3d 38, 41 (Nev. 2020). However, the Nevada legislature amended the statute twice, which is relevant to this action.

First, on February 24, 2015, Nevada added a deadline to file a lawsuit against a construction entity of "6 years after the substantial completion" date of the construction project. NRS 11.202(1) (2015) (amended 2019). "The Nevada legislature provided that this version of NRS 11.202 applies retroactively to actions in which the substantial completion of the improvement to the real property occurred before the effective date [February 24, 2015] of this act and incorporated a one-year grace period to commence an action." *Lopez v. U.S. Home Corp.*, No. 2:16-cv-01754-GMN-CWH, 2016 WL 6988486 at *3 (D. Nev. Nov. 27, 2016) (internal quotation omitted). Assuming substantial completion of the project occurred in February 2012, if the 6-year statute of repose is applied Urban's claims, these claims should have been filed no later than February 2018. However, Urban did not file its claims until March 2021—several years after the 6-year period expired. Thus, under the 6-year statute of repose, it would appear Urban's claims are subject to dismissal.

However, on October 1, 2019, the legislature further amended NRS 11.202 to replace the 6-year requirement with a longer 10-year deadline instead. NRS § 11.202(1) (2019). Although the 2019 amendment also contains a retroactivity clause, the Nevada Supreme Court recently indicated that it has not yet determined whether the 10-year period contained applies retroactively and left resolution of this issue in a recent opinion. *See Somersett*, 2021 WL 3237184, at *1-2 n.3 ("Retroactive effect of 2019 version [statute of repose] was not a matter briefed by SOA" and thus 2015 version applied to case).

Moreover, in this case, retroactive application of the 2019 amendment presents a far more complex issue. Here, under the 2015 amendments, Urban's claims were extinguished in 2018. If the 2019 amendment applies retroactively to Urban's claims, it would effectively revive claims that were previously extinguished prior to the enactment of the recent amendment. Courts are divided on this issue. At this point, the Nevada Supreme Court nor the Ninth Circuit Court of Appeals has ruled on whether the most recently amended statute can revive claims that were "extinguished" by the tolling of the previous statute of repose.

Most courts that have addressed this issue have determined that revival of an extinguished claim under these circumstances would violate a defendant's due process rights. *See, e.g., Harding v. K.C. Wall Prod., Inc.*, 250 Kan. 655, 669 (1992) ("The legislature *cannot* revive a cause of action barred by a statute of repose, as such action would constitute the taking of property without due process.") (emphasis in original); *Catholic Bishop of N. Alaska v. Does 1-6*, 141 P.3d 719, 725 (Alaska 2006) ("Had the legislature intended to revive time-barred civil claims, it would have explicitly stated so.") If the District Court agrees with these courts, it again appears all or most of Urban's claims—whether in the current complaint or proposed amended complaint—would be subject to dismissal.

The undersigned recognizes that the District Court may disagree and find that dismissal is not proper. However, based on the undersigned's review of the motions, statutes, and caselaw, this Court is fairly convinced that Defendants' motions to dismiss are likely to be granted.

Based on the above analysis and review, the Court finds that each of the *Tradebay* factors supports staying discovery and, therefore, Defendants' Motion to Stay Discovery should be granted.

### IV. CONCLUSION

Accordingly, the motion to stay (ECF No. 31) is **GRANTED**.

Discovery will be stayed until a ruling is made on the motions to dismiss.

**IT IS SO ORDERED**.

DATED: August 13, 2021.

**UNITED STATES MAGISTRATE JUDGE**