NICHOLAS M. WIECZOREK, ESQ.
Nevada Bar No. 6170
Clark Hill PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:     (702) 862-8300
Facsimile:      (702) 862-8400
NWieczorek@ClarkHill.com

ANDREW F. NEWMAN
Texas State Bar No. 24060331  pro hac vice
CLARK HILL LLP
901 Main Street, Suite 6000
Dallas, Texas  75202
Telephone:      (214) 651-2008
ANewman@ClarkHill.com

Attorneys for Defendant
GAF Materials LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| URBAN OUTFITTERS, INC., A Pennsylvania Corporation,<br><br>                    Plaintiff,<br>vs.<br><br>DERMODY OPERATING COMPANY, LLC, a Delaware limited liability company; UNITED CONSTRUCTION CO., a Nevada corporation; GAF MATERIALS CORPORATION, a Delaware Corporation; and DOES I through X,<br><br>                    Defendants. | Case No.:  3:21-CV-00109-MMD-CLB<br><br>**STIPULATED PROTECTIVE ORDER** |
| DERMODY OPERATING COMPANY, LLC, a Delaware limited liability company,<br><br>                    Third-Party Plaintiff.<br>vs.<br><br>D&D ROOFING AND SHEET METAL, INC., a Nevada corporation; ATLAS CONTRACTORS, INC., a Nevada Corporation,<br>                    Third-Party Defendants. | |

In order to protect the confidentiality of confidential information disclosed or obtained by the parties in connection with the instant case styled *Urban Outfitters, Inc. v. Dermody Operating Co., LLC et al.*, Case No. 3:21-CV-109-MMD-CLB, filed in the United States District Court, District of Nevada (the "**Litigation**"), the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page or document as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("**Confidential Information**"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. This Stipulated Protective Order ("**Order**") governs the handling of all Confidential Information produced or disclosed by a party regardless of the medium or manner in which the information is generated, stored, or maintained (including, among other things, documents, transcripts, interrogatory responses, responses to requests for admissions, declarations, exhibits, and briefs, or portions of such materials). This Order also applies to any materials created or generated by a receiving party that make reference to or contain Confidential Information.

This Order does not cover information or items that are in the public domain at the time of disclosure or that become part of the public domain after their disclosure as a result of publication not involving a violation of this Order.

3. A party or non-party may designate Confidential Information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 10 below. After any

designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 10 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

4. All Confidential Information produced or exchanged in the course of the Litigation (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this Litigation.

5. Except with the prior written consent of the disclosing party, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    a. counsel for the respective parties to this Litigation, including in-house counsel and co-counsel retained for this Litigation;

    b. employees of such counsel;

    c. individual defendants, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of the Litigation;

    d. consultants or expert witnesses retained for the prosecution or defense of the Litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information.

    e. any authors or recipients of the Confidential Information;

    f. the Court, Court personnel, and court reporters; and

    g. witnesses (other than persons described in paragraph 5(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be disclosed at such deposition. Witnesses

shown Confidential Information shall not be allowed to retain copies.

6. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7. Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5.  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

8. A party may designate as "confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.

9. Nothing in this Order will limit any party's use of its own Confidential Information, nor will anything in this Order prevent a party from voluntarily disclosing its own Confidential Information to any third party.

10. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-one (21) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document and/or testimony is entitled to protection under the terms of this Order.

11. Notwithstanding any challenge to the designation of material as Confidential Information, all documents designated as Confidential shall be treated as such and shall be subject to the provisions of this Order unless and until one of the following occurs:

    a. the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

        b.        the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

        c.        the Court rules the material is not confidential.

12.    All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of the Litigation, unless otherwise agreed or ordered. Upon conclusion of the Litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of the Litigation to counsel for the party or non-party who provided such information, or (b) destroy such documents upon consent of the disclosing party and certify in writing within thirty (30) days that the documents have been destroyed.

13.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of materials containing Confidential Information at trial.

14.    Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by an applicable privilege or work product protection.

15.    Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written request to the parties' respective counsel or by oral request at the time of any deposition or similar proceeding.

**DATED** this 5th day of May, 2022.

| | |
|---|---|
| GORDON REES SCULLY MANSUKHANI, LLP | THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER |
| /s/ Brian K. Walters<br>ROBERT E. SCHUMACHER<br>Nevada Bar No. 7504<br>BRIAN K. WALTERS<br>Nevada Bar No. 9711<br>300 South 4th Street, Suite 1550<br>Las Vegas, NV 89101<br>Telephone: (702)577-9300<br>Facsimile: (702) 255-2858<br>bwalters@grsm.com<br><br>Counsel for Urban Outfitters, Inc., *Plaintiff* | /s/Charles L. Burcham<br>CHARLES L. BURCHAM<br>Nevada Bar No. 2673<br>Justin H. Pfrehm<br>Nevada Bar No. 7484<br>6590 S. McCarran, Suite B<br>Reno, NV 89509<br>Telephone: (775)786-2882<br>clb@thorndal.com<br><br>Counsel for Dermody Operating Company, LLC, *Defendant* |
| LINCOLN, GUSTAFSON & CERCOS, LLP | CISNEROS & MARIAS |
| /s/Shannon G. Splaine, Esq.<br>SHANNON G. SPLAINE<br>Nevada Bar No. 8241<br>ROBERT N. EATON<br>Nevada Bar No. 9547<br>3960 Howard Hughes Parkway, Suite 200<br>Las Vegas, NV 89169<br>Telephone: (702) 257-1997<br>Facsimile: (702) 257-2203<br>ssplaine@lgclawoffice.com<br><br>Counsel for United Construction Co., *Defendant* | /s/ Kenneth M. Marias, Esq.<br>KENNETH M. MARIAS<br>Nevada Bar No. 005062<br>6671 S. Las Vegas Boulevard<br>Building D, Suite 215<br>Las Vegas, NV  89119<br>Mail To<br>1299 Zurich Way, Suite 250<br>Schaumburg, IL 60196<br>Telephone: (702) 233-9660<br>Facsimile: (702) 233-9665<br>Kenneth.marias@zurichna.com<br><br>Counsel for Atlas Contractors, Inc., *Third-Party Defendant* |
| **WOLFENZON ROLLE** | **CLARK HILL PLLC** |
| /s/Jonathan P. Rolle, Esq.<br>JONATHAN P. ROLLE<br>Nevada Bar No. 4367<br>BRUNO WOLFENZON<br>Nevada Bar No. 6177<br>JIMMY T. LEE<br>Nevada Bar No. 12806<br>6725 Via Austi Pkwy, Ste. 260<br>Las Vegas, NV  89119<br>(702)836-3138<br>jrolle@wolfenzon.com;<br><br>Counsel for D&D Roofing and Sheet Metal, *Third-Party Defendant* | /s/Nicholas M. Wieczorek<br>NICHOLAS M. WIECZOREK<br>Nevada Bar No. 6170<br>3800 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone:(702) 862-8300<br>Facsimile:(702) 862-8400<br>NWieczorek@ClarkHill.com<br><br>ANDREW F. NEWMAN<br>Texas State Bar No. 24060331<br>(admitted *pro hac vice*)<br>CLARK HILL LLP<br>901 Main Street, Suite 6000 |

1
2
3   The Court's jurisdiction over this protective order shall cease upon termination of this case.
4
5
6   **IT IS SO ORDERED** this ___5th___ day of ___May___, 2022.
7
8   _____
    **UNITED STATES MAGISTRATE JUDGE**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dallas, Texas 75202
Telephone:    (214) 651-2008
anewman@clarkhill.com

Counsel for Defendant
GAF Materials LLC

**ORDER**

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, 2022 in *Urban Outfitters, Inc. v. Dermody Operating Company, LLC et al.*, United States District Court Case No. 3:21-cv-00109-MMD-CLB.  I have been given a copy of the Order and have read it.  I agree to be bound by the Order.  I will not reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this Litigation, I will return the Confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information.  I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

**DATED** this _____ day of May, 2022.

_____