UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| URBAN OUTFITTERS, INC., | Case No. 3:21-cv-00109-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| DERMODY OPERATING COMPANY, LLC, *et al.*, | |
| Defendants. | |

## I.   SUMMARY

This is a breach of contract action involving the construction of a fulfillment and distribution center. The Court recently granted third-party defendant Atlas Contractors Inc.'s motion for summary judgment on all claims against Atlas. (ECF No. 211 ("MSJ Order").) Defendant and cross-claimant United Construction Co. now moves for the Court to certify the Order as final pursuant to either Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b) so that it may be appealed. (ECF No. 219 ("Motion").)[1] For the following reasons, United's Motion is granted.

## II.   BACKGROUND

The Court incorporates by reference the undisputed background facts that it recited in the MSJ Order. (ECF No. 211 at 1-2.) In the MSJ Order, the Court found that all third-party claims and crossclaims against Atlas were barred by NRS § 78.585, the Nevada statute limiting actions by or against dissolved corporations. (*Id.* at 10.) The Court thus resolved the motion for summary judgment in favor of Atlas. (*Id.*)

---

[1]No party has filed a response, but the Ninth Circuit did issue an order stating that appellate briefing is stayed. (ECF No. 220.)

## IV. DISCUSSION

United asks the Court to enter judgment in line with the MSJ Order or, alternatively, to certify the MSJ Order as an interlocutory order. Because whether judgment is proper under Rule 54(b) is dispositive, the Court does not reach the issue of whether it issued an interlocutory order.

"When an action presents more than one claim for relief . . . the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). United requests the Court enter judgment under Rule 54(b) because the Court's grant of summary judgment to Atlas constitutes a final judgment, and both the equities and judicial administrative interests favor entering judgment now. The Court agrees.

### A. Final Judgment

In determining whether entry of judgment is proper under Rule 54(b), the district court must first determine whether it issued a final judgment. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). The judgment is final if the district court rendered "an ultimate disposition of an individual claim." *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7). And Ninth Circuit takes "a pragmatic approach" toward determining whether the district court has decided an individual claim, which focuses on whether the ostensibly multiple claims are separately justiciable. *Id.* at 574-75. Under this approach, claims with "partially overlapping facts are not foreclosed from being separate for purposes of Rule 54(b)." *Id.* at 575 (quotation marks omitted).

No party disputes that the Order is final. The Court found in the Order that all claims against Atlas are barred under NRS § 78.585, dismissed the third-party complaint and crossclaim against Atlas, and entered summary judgment in Atlas' favor. (ECF No. 211.) Because these claims were obviously separately justiciable—as demonstrated by the fact that the Court resolved them separately from other claims in this litigation—there is no question that the Court reached an ultimate disposition of

individual claims. The Order is a final judgment.

### B. No Just Reason for Delay

Once the district court has determined that there is a final judgment, the Court must find that there is "no just reason for delay." *Pakootas*, 905 F.3d at 574. District courts must use their discretion to determine whether "judicial administrative interests" and "the equities involved" are best served by severing the finally decided claims from those still pending. *Id.* at 576 (quoting *Curtiss-Wright*, 466 U.S. at 8).

The equities and administrative interests indicate that review is appropriate now, as delaying appeal of this issue could lead to undue prejudice and waste judicial resources. Determining Atlas' liability will affect other parties' rights and remedies against Atlas. If the case settles before trial, other defendants may be forced to bear the cost of any harm caused by Atlas, and Urban Outfitters may not be able to recover as much as they would if Atlas were party to this suit. And if the case goes to trial, other defendants could likewise bear the entire cost of a judgment. Moreover, after trial, the Ninth Circuit could reverse the MSJ Order—meaning the parties would have to relitigate the issues in the dismissed claims.

It is just and efficient to enter judgment under Rule 54(b) so that the parties may obtain further information as to their respective liabilities for settlement and trial. The Court exercises its discretion under Rule 54(b) to grant the Motion.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that United Construction's motion for certificate of appealability (ECF No. 219) is granted.

The Clerk of Court is directed to enter partial judgment for Atlas Contractors Inc. under Federal Rule of Civil Procedure 54(b).

DATED THIS 4th Day of March 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE