UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| URBAN OUTFITTERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DERMODY OPERATING COMPANY, LLC, *et. al.*,<br><br>Defendants. | Case No. 3:21-CV-00109-MMD-CLB<br><br>**ORDER DENYING STIPULATION TO PERMIT DEFENDANT UNITED CONSTRUCTION CO. TO FILE AMENDED THIRD PARTY COMPLAINT AND STRIKING EXHIBITS**<br><br>[ECF Nos. 224-247] |

Before the Court is the parties' Stipulation to Permit Defendant United Construction Co. to File an Amended Third-Party Complaint naming new Third-Party Defendants. (ECF No. 224.) Along with the Stipulation is the Proposed Amended Complaint, (ECF No. 224-1) and 6 Exhibits, with Exhibit 6 filed as 23 separate docket entries (*See* ECF Nos. 224-2, 224-3, 224-4, 224-5, 224-6, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247.)

The Stipulation states that Defendant United Construction Co., through its own inspection and case evaluation and based on additional information from Plaintiff Urban Outfitters, Inc., has determined new parties need to be joined to the lawsuit. (ECF No. 224 at 3.) The parties represent that the Stipulation is made in good faith and not for the purposes of delay. (*Id.*)

Federal Rule of Civil Procedure 15(a)(2) instructs that "a party may amend its pleading only with the opposing party's written consent or the court's leave[, and] [t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147,

1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

While the parties appear to agree that Defendant United Construction Co. may file an Amended Third-Party Complaint, the Stipulation before the Court does not provide sufficient information as to the purpose of amendment and whether it will truly not cause delay at this juncture. Additionally, the Stipulation itself is unclear, as it references first the need to add <u>three</u> new parties but later states it needs to add <u>two</u> new parties. (ECF No. 224 at 2-3.) Further, the filing of the multitude of exhibits to this filing is improper, and it is unclear how these exhibits are relevant. It appears the parties intend for the Court to rifle through hundreds of pages of exhibits to discern why new parties need to be added. However, "judges are not like pigs, hunting for truffles in briefs. Nor are they archaeologists searching for treasure. Put simply, the Court is not obligated to paw over files … in order to make a party's claim." *See Krause v. Nevada Mut. Ins. Co.*, No. 2:12-cv-00342-JCM-CWH, 2014 WL 99178, at *2-3 (D. Nev. Jan. 3, 2014) (internal citations omitted). Thus, the Stipulation is denied, with leave to refile and the exhibits are stricken. If the parties choose to refile their stipulation, they must clearly articulate the purpose of amendment, addressing the factors under *Desertrain*. Moreover, the parties must clearly identify each new defendant and the reason for adding those defendants to this lawsuit at this late stage in the litigation. Finally, the stipulation, proposed amended pleading, and any exhibits must be filed in accordance with the Rules of Civil Procedure and the Court's Local Rules, including Rule 8(a), which states that a pleading must contain a short and plain statement of the grounds for claim for relief and jurisdiction.

///

///

///

///

Accordingly, **IT IS ORDERED** that the stipulation, (ECF No. 224), is **DENIED** and the exhibits, (ECF Nos. 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247), are **STRICKEN**.

**IT IS SO ORDERED.**

DATED: April 23, 2024.

_____
**UNITED STATES MAGISTRATE JUDGE**